FILED
United States Court of Appeals
Tenth Circuit

**August 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PHILLIP ANGEL GARCIA,

Defendant-Appellant.

No. 08-2246

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:07-CR-00788-JEC-1)**

Michael A. Keefe, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant–Appellant.

Laura Fashing, Assistant United States Attorney (Gregory J. Fouratt, United States Attorney, with her on the briefs), Albuquerque, New Mexico, for Plaintiff–Appellee.

Before **KELLY** and **LUCERO**, Circuit Judges, and **EAGAN**,[*] District Judge.

---

[*] The Honorable Claire V. Eagan, United States District Judge for the Northern District of Oklahoma, sitting by designation.

**LUCERO**, Circuit Judge.

_____

Phillip Angel Garcia pled guilty to possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, Garcia moved to withdraw his plea. The district court denied his motion and sentenced Garcia to 188 months' imprisonment. On appeal, Garcia argues that the court erred in concluding that he had not presented a "fair and just reason for requesting the withdrawal" of his plea, Fed R. Crim. P. 11(d)(2)(B). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

On February 22, 2007, Garcia burgled a home in Albuquerque, New Mexico. He fled the scene in a car owned by his girlfriend. After a police chase that included both ground and air pursuit, Garcia crashed the vehicle. Law enforcement officers discovered a muzzle loader rifle in the back seat of the car and a Ruger .22 caliber pistol loaded with six rounds of ammunition on the passenger-side floorboard. At the time, Garcia had seven felony convictions.

On December 13, 2007, Garcia entered a plea of guilty before the United States District Court for the District of New Mexico. During the plea colloquy, the court repeatedly asked Garcia to describe the factual basis for his plea. Garcia averred: "I was driving a car and I was in possession of a firearm"; "I was a six or seven time convicted felon, and they found a pistol inside the car, and I was in possession of it"; and "I'm a

felon, and I was driving a vehicle that had a gun. There was a gun inside the car."

Further, Garcia admitted in his plea agreement that:

> On, February 22, 2007, . . . I knowingly possessed a . . . pistol . . . and . . . ammunition. The pistol and ammunition were located in the vehicle I was driving after I burglarized a residence . . . and fled the scene. The Ruger .22 caliber pistol was later retrieved by law enforcement officials from the front passenger floorboard of the vehicle I was driving. The pistol was taken from the home that was burglarized.[1]

Garcia obtained several continuances of his sentencing hearing so that he could remain near his terminally ill grandfather. Following these delays, Garcia moved to withdraw his plea, "indicat[ing] that he ha[d] recently located a witness who will testify on his behalf at trial that she was the one who placed the gun in the car under the passenger seat and that this was done without the defendant's knowledge." The district court denied the motion from the bench at an October 2008 sentencing hearing. It then sentenced Garcia to 188 months' imprisonment, the bottom of the applicable United States Sentencing Guidelines range. A written order followed, explaining in greater detail the court's conclusion that Garcia had not presented a fair and just reason to withdraw his plea. This appeal followed.

## II

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the

---

[1] Before this court, Garcia emphasizes that this description was a handwritten alteration of the original plea language, upon agreement of the parties. Because it evidences knowing possession as altered, we do not consider this fact compelling.

withdrawal." To determine whether a defendant has met this burden, seven factors are considered: "'(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources.'" United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007) (quoting United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993)). We review the denial of a Rule 11(d)(2)(B) motion for abuse of discretion. Id. at 1213. "Although a motion to withdraw a plea prior to sentencing should be freely allowed, we will not reverse a district court's decision unless the defendant can show that the court acted unjustly or unfairly." Id. at 1213-14 (quotations omitted).

Garcia based his plea withdrawal motion on a single element of the crime: "that he was not in physical or constructive possession of the firearm." He does not contest his status as a felon, his burglary, or that police discovered the gun and ammunition in his getaway car. Rather, he asserts that although the gun was in the car, he was not guilty of possession because he did not know the gun was there. Cf. United States v. Hanrahan, 508 F.3d 962, 968-69 (10th Cir. 2007) (defining constructive possession). Garcia contends that after entering his plea, he discovered a witness who would testify that she placed the gun in the car without his knowledge. Based on this new witness, he argues that he could present a "legally cognizable defense" to possession.

However, Garcia is not entitled to withdraw his plea simply because he possesses a non-frivolous defense theory; rather, on appeal, he must show that the district court

- 4 -

"acted unjustly or unfairly." Hamilton, 510 F.3d at 1214 (quotation omitted). We discern no such injustice or unfairness in this case. The district court identified the seven factors that should be considered in deciding a Rule 11(d)(2)(B) motion. Although it focused on some factors more than others, it reasonably determined that they weighed against permitting Garcia to withdraw his plea.

Regarding the first factor, Garcia has technically asserted his innocence, but as he describes her testimony, the new witness would not necessarily absolve him. Garcia did not provide the district court with a sworn statement or a specific description of the newly-discovered witness' potential testimony. He simply stated that the new witness would testify that she placed the gun in the car without Garcia's knowledge. There is no evidence that the new witness was in the car with Garcia or that Garcia was unaware of the gun's presence throughout his escape attempt. Thus, even if a jury heard and credited the new witness' testimony, Garcia would not necessarily be acquitted. See Hanrahan, 508 F.3d at 968-69 ("[A] person has constructive possession of a firearm when he knowingly holds the power and ability to exercise dominion and control over it. In this way, constructive possession may occur when a person has exclusive possession of the premises where a firearm is found." (quotations and alterations omitted)). Prior to his motion, Garcia had the requisite factual and legal knowledge to assert his innocence on this basis. The only changed circumstance between when Garcia pled guilty and when he moved to withdraw the plea is the potential strength of his case.

As did the district court, we conclude that Garcia's original plea was knowingly and voluntarily entered.[2]  Garcia's repeated statements during the plea colloquy, such as, "I was a six or seven time convicted felon, and they found a pistol inside the car, and I was in possession of it," establish both that Garcia committed the charged offense and that he understood the critical elements of the crime.  See United States v. Jameson, 478 F.3d 1204, 1208-09 (10th Cir. 2007).  Garcia acknowledges that his plea was knowing and voluntary but argues that it was based on an "inaccurate calculation of the applicable guidelines."  In fact, the calculation of the guidelines was not inaccurate, but rather, based on the expectation that Garcia would testify in his defense.[3]

The remaining Gordon factors plainly tilt against Garcia.  Garcia requested and received more than nine months' worth of continuances before moving to withdraw his plea on the eve of sentencing.  Garcia's motion was thus significantly delayed, prejudicing the government by pushing the trial further from the events at issue,

---

[2] The district court noted that Garcia's position necessarily implies that he perjured himself when he originally pled guilty.  We read this as an inevitable conclusion based on Garcia's plea having been knowing and voluntary, rather than an independent—and certainly not controlling—factor.  Because a district court should not accept a plea unless it is knowing and voluntary, see Fed. R. Crim. P. 11(b)(2), a motion to withdraw an accepted guilty plea will usually involve potential perjury.  To give such contradictions independent weight would run afoul of our holding that "a motion to withdraw a plea prior to sentencing should be freely allowed," Hamilton, 510 F.3d at 1213.

[3] Had Garcia gone to trial without the new witness, he planned to testify on his own behalf.  In advising Garcia of his likely Guidelines range, his attorney accurately advised him that, if he was thereafter convicted, he would probably face an obstruction of justice enhancement if the court determined that he had perjured himself.  See U.S.S.G. § 3C1.1.

inconveniencing the court, and wasting judicial resources.  See United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999).  Further, Garcia repeatedly commended the assistance of his counsel, even at the hearing in which he attempted to withdraw his original plea, and our independent review of the record confirms his opinion.

We do not quarrel with Garcia's assertion that his theory of the case—that he did not knowingly possess the gun—is a "legally cognizable" one.  However, the presentation of a plausible defense does not, ipso facto, mean that the district court abuses its discretion by denying leave to withdraw a guilty plea.  Garcia relies on a Ninth Circuit case, United States v. Garcia, 401 F.3d 1008 (9th Cir. 2005), for the contrary proposition, but we are unpersuaded.  In Garcia, our sibling circuit held that a newly-discovered witness provided a "fair and just reason" for a defendant to withdraw his plea.  Id. at 1013-14.  However, the district court in that case abused its discretion by committing a legal error:  It erroneously gave controlling weight to its conclusion that the defendant's plea was knowing and voluntary.  Id. at 1012; see United States v. Yarbrough, 527 F.3d 1092, 1101 (10th Cir. 2008) ("A district court by definition abuses its discretion when it makes an error of law." (quotation omitted)).  By contrast, the district court in the case at bar considered the appropriate factors and concluded that they weighed against granting Garcia's motion.  For the reasons described above, this was not an abuse of discretion.

### III

**AFFIRMED.**