**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WAYNE MARTIN GAUGER,

Defendant-Appellant.

No. 12-4161
(D.C. No. 2:10-CR-01070-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

Wayne Martin Gauger appeals his federal criminal convictions, arguing only

that the district court erred in denying his motion to withdraw his guilty plea.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

### *Background*

Among other counts, Mr. Gauger was charged with committing robbery

affecting interstate commerce in violation of 18 U.S.C. § 1951(a) (Hobbs Act

---

[*]       After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

robbery) and using, carrying, brandishing, and discharging a firearm during a violent crime in violation of 18 U.S.C. § 924(c).  He decided to plead guilty, but he suffers from certain mental illnesses, and his mental condition deteriorated just before his scheduled plea hearing in late June 2011.  The hearing was postponed.  About a month later, at a July 26 status conference, defense counsel represented to the court that Mr. Gauger's mental condition had improved due to a change of medications.  Accordingly, the defense was prepared to proceed with the plea.  At a plea hearing on August 8, the court accepted Mr. Gauger's plea of guilty to two Hobbs Act robbery counts and one firearms count.

Almost two months later, on October 4, Mr. Gauger filed a short pro se statement asking to withdraw the plea.  At a hearing on November 29, he withdrew that request.  But at sentencing on December 20, the court discovered that the week after the November 29 hearing, Mr. Gauger had mailed a second pro se statement, again asking to withdraw his plea, that the court had not received.  The court postponed sentencing, and Mr. Gauger refiled his second request to withdraw on December 22.  In this statement he explained that when he entered his plea he did not understand that the firearms count would carry a consecutive sentence.  He also expressed dissatisfaction with his attorney, who, he asserted, had talked him out of pursuing the initial request to withdraw his plea.

The court appointed new counsel, who filed a formal motion to withdraw the plea on March 16, 2012.  In this motion, Mr. Gauger asserted that he was legally

innocent of the robberies and firearms charges. He also argued that the plea was not knowing and voluntary because his mental condition was not sufficiently stabilized by the time of the plea hearing. After hearing argument by counsel, the magistrate judge recommended that the district court deny the motion. Mr. Gauger objected. Conducting a de novo review of the points under objection, the district court denied the motion to withdraw the guilty plea.

## *Analysis*

After a plea is accepted but before sentencing, a defendant may withdraw his plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This court has identified seven factors to consider in determining whether a defendant has met his burden: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).

"We review the denial of a Rule 11(d)(2)(B) motion for abuse of discretion," *United States v. Garcia*, 577 F.3d 1271, 1274 (10th Cir. 2009), except that we review de novo the question of whether the plea was knowing and voluntary, *see United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000). "Although a motion to withdraw a plea prior to sentencing should be freely allowed, we will not reverse a

- 3 -

district court's decision unless the defendant can show that the court acted unjustly or unfairly." *Garcia*, 577 F.3d at 1274 (internal quotation marks omitted).

The district court concluded that only the second *Gordon* factor—prejudice to the government—weighed in Mr. Gauger's favor. On appeal, Mr. Gauger "acknowledges that he had competent counsel throughout the time preceding and during his change of plea and that this factor weighs against him," Aplt. Br. at 15, but he argues that the district court misweighed the five remaining *Gordon* factors. We examine each disputed factor in turn.

Assertion of Innocence. Mr. Gauger contends that he is legally innocent of the crimes because he lacked the requisite specific intent due to his mental condition and other factors. Given his assertion of a credible claim of legal innocence, he asserts, the district court erred in weighing this factor against him. *See United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (stating that a credible claim of legal innocence may satisfy the assertion-of-innocence factor). He also objects to the district court's consideration of the fact that he did not assert legal innocence until his third motion to withdraw his plea.

The district court did not abuse its discretion in noting the delay in raising the legal-innocence argument. But given that the counseled motion did "make a factual argument that supports a legally cognizable defense," *id.* (emphasis omitted), we shall assume that this factor weighs, if only slightly, in Mr. Gauger's favor. *See also United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996) (recognizing that "this factor

only requires that [the defendant] assert his innocence, which he has done" (internal quotation marks omitted)).

Delay in Filing. Mr. Gauger points out that his first request to withdraw his plea came just under two months after his plea hearing. He also asserts that it was unfair for the district court to characterize his initial request to withdraw, his abandonment of that request, and then his second request to withdraw as "'constant oscillation'" and "'buyer's remorse.'" Aplt. Br. at 13 (quoting R. Vol. 2 at 27).

Even two months is a significant period of delay in moving to withdraw a guilty plea. *See United States v. Graham*, 466 F.3d 1234, 1238 (10th Cir. 2006) (characterizing a two-month delay as "lengthy"). Moreover, the district court did not abuse its discretion in considering Mr. Gauger's shifting positions. By changing his mind and then changing it again, Mr. Gauger further delayed the process of evaluating whether the plea should stand. By the time he sought to move forward with the charges after the November 29 hearing, nearly four months had passed since he had entered his plea. Similar delays have weighed against allowing withdrawal. *See Carr*, 80 F.3d at 420 (three-month delay). Mr. Gauger's various filings also raise an inference that he had "a change of heart about the sentence he face[d] under the bargain. Such a shift, while understandable, is not an excuse for delay." *Graham*, 466 F.3d at 1238. This factor weighs against Mr. Gauger.

Inconvenience to the Court. Mr. Gauger argues that withdrawing his plea would not result in any substantial inconvenience to the district court because trial is

anticipated to take only five days. But five trial days is not inconsiderable, and the court would also have to devote pre-trial time to this matter. Thus, withdrawing the plea and proceeding to trial is "an obvious inconvenience" to the court. *Graham*, 466 F.3d at 1238; *see also Hamilton*, 510 F.3d at 1217 n.4 ("A plea withdrawal inevitably results in some inconvenience to the court and waste of judicial resources."); *United States v. McKnight*, 570 F.3d 641, 650 (5th Cir. 2009) (stating that even a two-day trial "does not necessitate a finding that there is no inconvenience to the district court"). This factor weighs against Mr. Gauger.

Knowing and Voluntary Plea. Mr. Gauger asserts that his plea was not knowing and voluntary because of his mental illness. He points out that he suffered a psychotic episode just before he was originally scheduled to plead guilty. Further, he asserts that at the time of the rescheduled plea hearing, his medications were not fully effective and that "he continued to experience delusions [and] mood swings, that he was speaking to people in his head and that he had experience[d] bouts of sleeplessness." Aplt. Br. at 15-16.

"[A] plea is valid if it represents a voluntary and intelligent choice among the alternatives open to the defendant." *United States v. Gigley*, 213 F.3d 509, 516 (10th Cir. 2000). Mr. Gauger concedes that he had the effective assistance of counsel, and he "acknowledges that the district court likely did everything that could have been done to assure that [the] plea of Mr. Gauger was knowing and voluntary," Aplt. Br. at 16. He asserts, however, that despite his assurances to the court at the

plea hearing, his "mental health status did not allow him to properly weigh and consider the consequences of entering a plea." *Id.*

The facts of Mr. Gauger's mental illness and the postponement of the original plea hearing are undisputed. But "[t]he presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense." *Wolf v. United States*, 430 F.2d 443, 445 (10th Cir. 1970). Mr. Gauger has offered little evidence (such as medical records or doctors' affidavits) to support his assertions regarding his mental capacity when he entered his plea. *See United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999); *see also Black*, 201 F.3d at 1300. His primary evidence is Internet information that certain of his medications could take up to twelve weeks to become effective, while his rescheduled plea hearing was approximately six weeks after the original plea hearing. As the district court noted, however, the documentation indicates that one of the medications should have been fully effective at six weeks, and the other two could be expected to be effective at six to twelve weeks.

Further, nothing in the record of the proceedings supports Mr. Gauger's allegations. According to his representations to the district court on July 26, 2011, defense counsel believed that Mr. Gauger's mental condition had stabilized enough for him to enter his plea (and on appeal Mr. Gauger has conceded the factor of counsel's assistance before and during the plea hearing). At the plea hearing, the

court questioned Mr. Gauger as to his willingness to enter his plea and had the opportunity to observe his demeanor. *See Black*, 201 F.3d at 1300. The magistrate judge who accepted the plea stated in the withdrawal-related report and recommendation:

> [T]he Court carefully observed Defendant during the change of plea hearing held on August 8th. There was no indication that he was suffering from mental disorders or health conditions that would have prevented his plea from being knowingly and voluntarily entered. . . .
>
> Based upon Defendant's answers and his conduct during the hearing, the Court finds there was nothing to indicate he was suffering from delusions, mood swings or depression which would have prevented the entry of a plea. Defendant had already received a mental health examination previously and there were no additional indicia that he needed another examination prior to the plea hearing.

R. Vol. 1 at 128-29.

Finally, the issue of Mr. Gauger's mental condition was not raised until the third motion to withdraw the plea. His second pro se motion did not mention his mental issues, but instead stated that he was concerned about his sentence. "[D]issatisfaction with the length of a sentence is an insufficient reason to withdraw a plea." *Gordon*, 4 F.3d at 1573.

In light all of these circumstances, this factor weighs against Mr. Gauger.

<u>Waste of Judicial Resources</u>. "This factor triggers similar concerns as those raised under the 'inconvenience to the court' factor and weighs against allowing withdrawal for the same reasons." *Graham*, 466 F.3d at 1239.

Even if the district court erred in weighing the assertion-of-innocence factor against Mr. Gauger, "the presentation of a plausible defense does not, ipso facto, mean that the district court abuses its discretion by denying leave to withdraw a guilty plea." *Garcia*, 577 F.3d at 1275. We cannot conclude that the district court acted unfairly or unjustly, so that its decision to deny Mr. Gauger's motion to withdraw was an abuse of its discretion.

The judgment of the district court is affirmed.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge