[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11696
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00312-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ROY GRIFFEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 15, 2009)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Defendant David Roy Griffey appeals the district court's denial of his

motion to dismiss the indictment, which charged him with one count of failure to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et seq., in violation of 18 U.S.C. § 2250(a).  After review, we affirm.

## I. BACKGROUND

On October 2, 2003, Griffey was convicted in Illinois state court of two counts of "Child Pornography" and one count of "Aggravated Criminal Sexual Abuse."  He received sentences of two and three years, respectively, which ran concurrently.  Griffey completed his sentences and was released from custody on May 23, 2006.  He registered as a sex offender under Illinois law on May 24, 2006, the day after his release.  Griffey was notified of his obligation under Illinois law to update his registration if he changed his address.  In August 2007, Griffey moved from Illinois to Spanish Fort, Alabama but did not update his registration in Illinois and did not register in Alabama.

On September 25, 2008, Griffey was indicted in federal court in Alabama for knowingly failing to register as a sex offender as required by SORNA after traveling in interstate commerce, in violation of 18 U.S.C. § 2250(a).  The indictment alleged that, "[o]n or about May 24, 2007 continuing through May 2, 2008, in the Southern Distirct of Alabama, Southern Division and elsewhere,"

2

Griffey knowingly failed to register as a sex offender as required by SORNA by reason of his Illinois conviction.[1]

Griffey moved to dismiss the indictment on the grounds that (1) SORNA did not apply to him because Alabama had not implemented SORNA at the time he was alleged to have failed to register; (2) he was not notified by state or federal authorities of his duty to register under SORNA after his release from prison in Illinois on May 23, 2006; and (3) SORNA's registration requirements are unconstitutional under the Commerce Clause. The district court denied Griffey's motion to dismiss.

Griffey pled guilty. In his plea agreement, Griffey expressly reserved the right to appeal the district court's denial of his motion to dismiss the indictment. In the plea agreement, Griffey admitted that he "signed an Illinois Sex Offender registration form advising him that he was required to register within five days of moving" and that he "admitted that he knew he had failed to register as a sex offender and admitted to being a resident of Spanish Fort [Alabama] since August 2007." During the plea colloquy, Griffey also admitted that he knew that he was

---

[1]SORNA imposed upon all sex offenders convicted prior to July 27, 2006 an obligation to register beginning on February 28, 2007, the date the Attorney General promulgated the interim rule making SORNA retroactively applicable. United States v. Ambert, 561 F.3d 1202, 1207 (11th Cir. 2009); United States v. Dumont, 555 F.3d 1288, 1291-92 (11th Cir.), cert. denied, 130 S. Ct. 66 (2009). Thus, SORNA applied to Griffey's indictment which alleged failure to register from May 24, 2007 to May 2, 2008.

supposed to register as a sex offender in Alabama[2] and he knew he was supposed

to have registered in Illinois. The district court accepted Griffey's plea,

adjudicated him guilty, and sentenced him to 15 months' imprisonment, followed

by 10 years' supervised release. Griffey timely appealed.

## II. DISCUSSION

On appeal, Griffey contends that the district court erred in denying his

motion to dismiss because (1) SORNA does not apply to him because Alabama

had not implemented the statute at the time he failed to register as a sex offender;

and (2) the government failed to give him notice of SORNA's registration

requirements.[3] This Court recently rejected similar claims in United States v.

Brown, 586 F.3d 1342, 1349 (11th Cir. 2009). Thus, we review that decision in

detail.

The defendant in Brown was convicted of sex offenses in 1996 in North

Carolina and signed a form requiring him to register upon his release from prison.

In 1998, Brown registered in North Carolina and was told to notify North Carolina

---

[2]Alabama law requires sex offenders residing within the state, even if convicted in another state, to register, and provides for community notification of released sex offenders. See ALA. CODE §§ 13A-11-200, 15-20-22(a)(4), 15-20-23.

[3]We review a district court's denial of a motion to dismiss an indictment for abuse of discretion. United States v. Seher, 562 F.3d 1344, 1356 (11th Cir. 2009). However, this appeal raises issues concerning statutory interpretation and constitutional law, which we review de novo. Ambert, 561 F.3d at 1205.

4

within 30 days of changing his address. In June 2007, Brown moved from North Carolina to Alabama where he resided until June 12, 2008 without registering his address in Alabama. Brown pled guilty to violating 18 U.S.C. § 2250(a) by knowingly failing to register in Alabama and to update his registration as required by SORNA. However, Brown, like Griffey, conditioned his guilty plea on his right to appeal the denial of his motion to dismiss the indictment.

In affirming Brown's § 2250(a) conviction, this Court first determined that as of February 28, 2007,[4] SORNA "retroactively applies to sex offenders, like Brown, who were convicted before SORNA's enactment" in July 2006. Brown, 586 F.3d at 1348. The Court next rejected Brown's claim that SORNA's registration requirements do not apply to sex offenders with pre-SORNA convictions, such as himself, because Alabama had not yet implemented SORNA, and that any duty to register would arise only after Alabama implements SORNA. The Brown Court pointed out that Brown "fail[ed] to appreciate the distinction between a jurisdiction's duty to implement SORNA and a sex offender's duty to register." Id. at 1348. Although Alabama had until July 27, 2009 to implement SORNA's requirements,[5] SORNA "applies to sex offenders regardless of whether

_____

[4]See footnote 1.

[5]SORNA grants states a three-year grace period to implement its requirements. 42 U.S.C. § 16924(a); 72 Fed. Reg. 30210. However, there is no analogous deferral of the sex offender's duty to register under SORNA. Instead, the registration requirements took effect on

5

the relevant jurisdiction has incorporated SORNA's requirements." Id. at 1349. The Brown Court stressed that SORNA was not enacted in a vacuum and that every state had a sex offender registration law prior to 2006, id., and agreed with the Fourth, Seventh, Ninth, and Tenth Circuits that an individual "may therefore comply with SORNA's registration requirements by registering through the state's sex offender registry, even if that jurisdiction has not implemented SORNA's administrative procedures." See id. (citing United States v. Gould, 568 F.3d 459, 464 (4th Cir. 2009), petition for cert. filed, (U.S. Sep. 25, 2009) (No. 09-6742); United States v. Dixon, 551 F.3d 578, 582 (7th Cir. 2008), cert. granted, Carr v. United States, 130 S. Ct. 47 (2009); United States v. Hinckley, 550 F.3d 926, 939 (10th Cir. 2008), cert. denied, 129 S. Ct. 2383 (2009)); see also United States v. George, 579 F.3d 962, 965 (9th Cir. 2009). Because Alabama maintained a sex offender registry during the relevant time, Brown "could have registered as a sex offender through Alabama's sex offender program," and thus SORNA applied to Brown. Brown, 586 F.3d at 1349. Accordingly, our decision in Brown forecloses Griffey's argument that SORNA did not apply to him in 2007-08 because Alabama had not yet implemented SORNA's administrative requirements.

Brown also addressed the statutory notice and due process arguments that

July 27, 2006 and apply to all offenders in the categories for which SORNA requires registration. 42 U.S.C. § 16913; 18 U.S.C. § 2250(a).

6

Griffey makes. In <u>Brown</u>, this Court recognized that "[p]ursuant to 42 U.S.C. § 16917(a), an appropriate official must notify a sex offender of his duty to register before the defendant's release from custody, or immediately after sentencing if the defendant is not in custody." <u>Brown</u>, 586 F.3d at 1350.

Here, as in <u>Brown</u>, Griffey concedes the statutory notice requirement in § 16917(a) "does not encompass sex offenders, like him, who have already served their sentences prior to SORNA's enactment." <u>Id.</u> For those pre-enactment sex offenders, such as Griffey, Congress delegated authority to the Attorney General, pursuant to § 16917(b), to prescribe rules for their notification. 42 U.S.C. § 16917(b). As <u>Brown</u> notes, the Attorney General issued those rules in July 2008, <u>see</u> 73 Fed. Reg. at 38063-64, which was after defendant Brown's indictment. <u>Brown</u>, 586 F.3d at 1350. Griffey was indicted in September 2008, shortly after the notification rules were enacted. <u>Brown</u> pointed out, however, that these rules:

> [E]ncourage jurisdictions to inform pre-SORNA sex offenders, such as Brown, "as quickly as possible" about SORNA's requirements. The National Guidelines recognize that "it may not be feasible for a jurisdiction to do so immediately" and therefore provide time frames within which a jurisdiction must register a sex offender "*when* it implements the SORNA requirements in its system[.]"

<u>Id.</u> at 1350-51 (citing 73 Fed. Reg. at 38063-64) (internal citations omitted). The <u>Brown</u> Court concluded that because Alabama had not implemented SORNA's requirements into its registry program during the time period charged in the

indictment, "Alabama did not have a duty to notify Brown of his duty to register." Id. at 1351. The same holds for Griffey: Alabama had no duty to notify him of the duty to register.

To the extent Griffey argues the federal government must notify him of his legal duty to register under SORNA, that argument fails too. Section 2250(a), which criminalizes a failure to register, does not contain an element that the government notify the offender that he or she has registration obligations under SORNA prior to a § 2250(a) prosecution. 18 U.S.C. § 2250(a). Section 2250(a) does not require that Griffey specifically know that he was violating SORNA, but only that he "knowingly" violated a legal registration requirement upon relocating. See Gould, 568 F.3d at 468 ("In 18 U.S.C. § 2250(a), 'knowingly' modifies 'fails to register.' There is no language requiring specific intent or a willful failure to register such that [a defendant] must know his failure to register violated federal law."); Hinckley, 550 F.3d at 938 (rejecting argument that federal government had duty to notify defendant of his duty to register, where defendant acknowledged he knew of his duty to register under state law). Here, in his plea colloquy Griffey admitted that he knew he was required to register in Alabama upon moving but did not register, which is sufficient to violate § 2250(a). Griffey cites no authority for the proposition that a lack of notice by the federal government of his SORNA

8

obligations is an element of, or a defense to, prosecution under § 2250(a).

Brown also impacts Griffey's due process claim. The Court in Brown pointed out that Brown had actual notice that under Alabama law he was required to register as a sex offender in Alabama, but Brown's "plea agreement [did] not specify whether his duty to register fell under state law or SORNA." Brown, 586 F.3d at 1351. Nonetheless, in Brown, "we join[ed] our sister circuits in concluding that 'notice of a duty to register under state law is sufficient to satisfy the Due Process Clause.'" Id. (quoting United States v. Whaley, 577 F.3d 254, 262 (5th Cir. 2009); citing Gould, 568 F.3d at 468-69; Dixon, 551 F.3d at 584; Hinckley, 550 F.3d at 938; United States v. May, 535 F.3d 912, 921 (8th Cir. 2008), cert. denied, __ U.S. __, 129 S. Ct. 2431 (2009)). Like the defendant in Brown, Griffey knew of his duty to register as a sex offender in Alabama, the state in which he is alleged to have failed to register under SORNA. Brown, 586 F.3d at 1351.

Brown also stressed that "[i]n addition to actual notice, there were sufficient circumstances to prompt Brown to have inquired upon his duty to register." Id. at 1351. The circumstances identified by the Brown Court as prompting an individual duty to inquire are also present here: (1) Griffey was convicted in Illinois as a sex offender; (2) Griffey had notice of his duty to register under Illinois law in May 2006 and to inform authorities of a change of address; (3)

9

Griffey complied with the Illinois registration requirements by registering in Illinois in May 2006; (4) the Jacob Wetterling Act was enacted in 1994, setting national standards for sex offender registration and notification; and (5) sex offender registration laws exist in every state and have "garnered national media attention." Id. at 1351. Therefore, in light of Griffey's admission that knew he was supposed to register in Alabama and the circumstances prompting a need to inquire into such a duty, we find no due process violation.

In his final argument, Griffey asserts that SORNA's provisions making it a federal crime to register as a sex offender are unconstitutional under the Commerce Clause. This issue, however, is foreclosed by our decision in Ambert, 561 F.3d at 1210-12, in which we concluded that Congress did not exceed its authority under the Commerce Clause in enacting SORNA's failure-to-register provisions.[6]

### III. CONCLUSION

In sum, we conclude that the district court did not err in denying Griffey's motion to dismiss. We therefore affirm Griffey's conviction.

**AFFIRMED.**

---

[6]The Fourth, Fifth, Eighth, Ninth, and Tenth Circuits have also rejected Commerce Clause challenges to SORNA. See Gould, 568 F.3d at 475; Whaley, 577 F.3d at 261; May, 535 F.3d at 921-22; George, 579 F.3d at 967; Hinckley, 550 F.3d at 940.