[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12851

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-00040 CR-T-17TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN GORHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 4, 2010)

Before DUBINA, Chief Judge, MARTIN and COX, Circuit Judges.

PER CURIAM:

Kevin Gorham (the "Defendant") was indicted for: (1) knowingly failing to

register as a sex offender in Hernando County in the Middle District of Florida, as

required by the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901

et seq., (SORNA); and (2) knowingly failing to register within ten days of establishing a new residence in Florida, in violation of 42 U.S.C. § 14072(i)(1) ("Megan's Law"). Defendant moved to dismiss the indictment, presenting facial challenges to the constitutionality of SORNA and Megan's Law, as-applied challenges to the constitutionality of SORNA, and arguing that the regulation that made SORNA applicable to him was promulgated in violation of the Administrative Procedure Act (APA). After the district court denied Defendant's motion, Defendant pleaded guilty. The plea agreement preserved Defendant's right to appeal the denial of his motion to dismiss.

"Generally, we review a district court's denial of a motion to dismiss for an abuse of discretion. To the extent that the district court's determination rests on the district court's resolution of questions of law, however, we must review those questions of law de novo." *United States v. Madera*, 528 F.3d 852, 854 (11th Cir. 2008) (citing *United States v. Noriega*, 117 F.3d 1206, 1211 (11th Cir.1997)).

Defendant argues that SORNA and Megan's Law violate the Commerce Clause by punishing activity that does not substantially affect interstate commerce and that jurisdiction to enforce SORNA is based on an inadequate relationship with interstate commerce. The Defendant correctly concedes that this court's decision in *United*

*States v. Ambert*, 561 F.3d 1202 (11th Cir. 2009), decides these issues against him. *Id.* at 1212-14.

*Ambert* also held that the nondelegation doctrine is not (as argued by Defendant) violated by the section of SORNA that allows the Attorney General to make the act retroactive to offenders who were convicted before SORNA was enacted. *Id.* at 1213-14.

Likewise, this court's precedent forecloses Defendant's arguments that, because Florida has not implemented SORNA and the Attorney General has not declared that SORNA applies to those convicted before it is implemented in a state, it violates due process and the ex post facto clause to enforce the statute against him. *See United States v. Griffey*, 589 F.3d 1363, 1366 n.5 (11th Cir. 2009) ("SORNA grants states a three-year grace period to implement its requirements. 42 U.S.C. § 16924(a); 72 Fed. Reg. 30210. However, there is no analogous deferral of the sex offender's duty to register under SORNA. Instead, the registration requirements took effect on July 27, 2006 and apply to all offenders in the categories for which SORNA requires registration. 42 U.S.C. § 16913; 18 U.S.C. § 2250(a)."); *United States v. Brown*, 586 F.3d 1342, 1348-49 (11th Cir. 2009) (holding that SORNA defendants are not relieved of the obligation to register if a state in which they live maintains a sex offender registry, even if that jurisdiction has not yet implemented SORNA.)

This court has also rejected Defendant's arguments that he had no duty to register in Florida because the federal government did not inform him of that duty and prosecuting him without informing him of that duty violates his due process rights. The Defendant did not object to the PSI's statement that Defendant knew of a duty to register in Washington and feared prosecution for failure to register in Florida. The district court did not err in denying dismissal of the indictment on these grounds. *See Griffey*, 589 F.3d at 1367 (holding that, if a defendant knew of the duty to register under state or federal law, his due process rights were not violated by conviction for failure to register).

While Defendant's case was pending on appeal, this court considered in another case the statutory argument he raises: that 28 C.F.R. § 72.3 (the regulation that applies SORNA to sex offenders like Defendant who were convicted before the statute was enacted) violates the APA because it was made effective immediately rather than after the statutory notice, comment, and waiting periods had elapsed. We rejected the argument. *See United States v. Dean*, No. 09-13115, – F.3d – (11th Cir., April 28, 2010) (holding that the Attorney General had good cause to make the regulation effective immediately and therefore did not violate the APA by doing so).

Finally, Defendant argues that SORNA violates the Tenth Amendment by forcing the states to accept federally-required sex offender registrations. We hold that

4

Defendant lacks standing to pursue his Tenth Amendment argument on appeal. The Tenth Amendment states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. In order for an individual to properly bring a challenge pursuant to the Tenth Amendment, he must "show the requisite injury in fact and its causal relation to the action in question." *Atlanta Gas Light Co. v. U.S. Dep't of Energy*, 666 F.2d 1359, 1368 (11th Cir. 1982). Defendant does not (and cannot) show that he suffers any injury as a result of the force he alleges SORNA exerts upon Florida. Even if we assume that impermissible force is exerted by SORNA on the state, the resulting injury is a statutorily-imposed reduction in federal funding to Florida; it is not an injury to Defendant.

CONVICTIONS AFFIRMED.