[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11525

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY MCGEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20543-DPG-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Anthony McGee appeals his conviction for failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). McGee argues that there is insufficient evidence to support his conviction because the government did not prove that he knowingly failed to register after he relocated to Florida. For the following reasons, we affirm his conviction.

## I.    BACKGROUND

In November 2022, a grand jury indicted McGee, charging that he knowingly failed to register as a sex offender in Florida "[f]rom on or about May 3, 2022, and continuing up to the date of this Indictment" as required by SORNA, in violation of 18 U.S.C. § 2250(a). McGee entered a plea of not guilty.

McGee proceeded to a jury trial that lasted two days. The government first called Amanda Carder, a federal law enforcement officer who investigates whether sex offenders are in violation of the Florida registration laws. Offenders are required to register in Florida after they have resided for three consecutive days in Florida and they have 48 hours to notify the state. McGee first applied for a Florida identification card in May 2022. All applicants for a driver's license or Florida identification card are run through the National Sex Offender Registry, so McGee's application for an identification card triggered an investigation into his sex offender

status.  The investigation revealed that McGee began working in Florida as early as December 2018.  It also revealed that McGee was convicted of sexual abuse in the third degree and false imprisonment in Iowa in 2004.  McGee's conviction for sexual abuse in the third degree is a conviction in Florida for which he was required to register for life.  But McGee had no registration on file in Florida.

Janese Milam, a compliance administrator at the Iowa Sex Offender Registry Unit, testified that an offender who leaves the state of Iowa is required to register as a sex offender with their new jurisdiction.  McGee's sentencing order for his Iowa conviction did not reference his obligation to register, because the registry is an administrative, rather than a criminal, matter.  Nevertheless, a section of the Iowa Code requires convicted offenders to register.  The registration requirement for an offender convicted of sexual abuse in the third degree is lifetime.

The duty to register begins when the offender is released from custody.  Offenders are generally registered upon release from prison or subsequently registered by a probation officer.  If that does not happen, an administrator from the Iowa Sex Offender Registry Unit will follow up about compliance.  Upon registration, an offender receives a DCI-144 form, which outlines the requirements of registration duties in the state of Iowa.  If an offender has questions, the Iowa Sex Offender Registry Unit has a determination process in which the offender fills out a specific form and provides certain documentation.  The Iowa Sex Offender Registry Unit then answers the offender's questions.  When an offender leaves Iowa,

he is required to go to a local sheriff's office to let the authorities know that he is moving out of state, and the registry office will then notify the state to which the offender is relocating about the change in jurisdiction.

Milam further testified that a document, known as a notice of status of registration requirement, is sent out to an offender once he is registered with the Sex Offender Registry. That document informs the offender about his registration requirement. The state of Iowa sent that document to McGee at the correctional facility where he was being held, and his requirement was marked as lifetime registration. McGee also received a tier notification, which listed his convictions. McGee signed the document and handwrote, "Questions in regards to lifetime registration was not listed in the sentencing order on court compliance."

McGee received a DCI-144 registration requirement form. The form stated that, if the offender relocates, the offender must register at the local sheriff's office in Iowa within five business days. It also stated, "Additionally, federal law requires the sex offender to comply with the sex offender registration requirements of the other jurisdiction within three days of establishing a new residence, employment, or attendance at a school in that jurisdiction." McGee signed the DCI-144 form. The DCI-144 form also noted that the length of registration was lifetime for those convicted of an aggravated offense, which includes sexual abuse in the third degree. The form noted that failure to comply may result in criminal prosecution. McGee signed to the following statement:

> I acknowledge that I have been notified of my duty to register with the Iowa Sex Offender Registry. This duty has been explained, and I understand my duty to comply with all of the requirements of Iowa Code, Chapter 692A, and Title 18 U.S.C., Section 2250, including those listed on this form.

On the DCI-144 form, McGee handwrote, "Question, lifetime parole or reg was not in sentencing order, no lifetime due to date." Above McGee's handwritten statement was a bullet that appeared in bold and all caps, stating:

> Requesting a review of registration requirement: Persons who have registered and who feel they are not required to register may file an application for determination, accompanied by required court documents, with the Iowa Department of Public Safety. An application for determination form is available from any Iowa Sheriff's Office or Department of Corrections Institution.

By handwriting his question on the DCI-144 form, McGee did not follow the proper procedure for requesting a review of his registration requirement. McGee never filed an application for determination, which was the appropriate method for McGee to inquire about his registration requirement. McGee did correctly register in Iowa as required.

On cross-examination, Milam testified that there was no evidence of receipt for the notice of status of registration and McGee did not sign the indicated signature line. Milam further testified that she was not present when McGee signed his DCI-144 form and

therefore could not confirm what was explained to McGee about his registration requirements before he left the correctional facility. The state received McGee's handwritten questions but did not respond, because it did not come through the proper channels.

Tracie Newton, an administrator at Illinois's Sex Offender Registration Unit, testified that an offender who is convicted of a qualifying sex crime outside of Illinois is required to register in Illinois once the offender moves to Illinois. The offender must register in person with the local police department, and police officers review the registration form with the offender. After the registration form is read to the offender, the offender signs off on all the stipulations on the registration form.

The government introduced evidence that McGee initialed his Illinois registration form in 2011. The form stated, "If you move to another state, you must register with that state within three days. You must notify the agency with whom you last registered in person of your new address at least three days before moving." It also stated that failure to register is a criminal offense. Lastly, the form stated, "I have read and/or had read to me the above requirements. It has been explained to me, and I understand my duty to register. . . . All ending registration dates will be determined by the Illinois State Police."

The government also offered evidence that McGee had signed 30 other registration forms in Illinois, dating from 2011 to 2018. On each form, McGee initialed next to the requirement that, if an offender moves to another state, he must register with that

state within three days.  Each form provided the next date by which McGee must register and informed McGee of how to verify his ending registration date.  McGee's last signed registration form stated that McGee had a duty to register next by September 2018.  McGee did not inform the state of Illinois that he moved to Florida, and McGee did not register on or after September 2018.  McGee did not submit a request to verify his sex offender registration ending dates.  The state required McGee to register in Illinois ten years from his release date from incarceration, but he did not so do.

After the government rested its case, McGee moved for judgment of acquittal, arguing, in relevant part, that the government had not shown a knowing failure to register.  The district court denied the motion.  McGee did not testify and did not present a defense.  He renewed his motion for judgment of acquittal, which the court denied.  The jury found McGee guilty.

The district court sentenced McGee to six months of imprisonment followed by five years of supervised release.  This timely appeal followed.

## II.    STANDARDS OF REVIEW

We review a preserved challenge to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the verdict.  *United States v. Wilson*, 788 F.3d 1298, 1308 (11th Cir. 2015).  We will affirm the verdict "if any reasonable construction of the evidence would have allowed the jury

to find the defendant guilty beyond a reasonable doubt." *Id.* (quoting *United States v. Rodriguez*, 732 F.3d 1299, 1303 (11th Cir. 2013)).

### III.    ANALYSIS

On appeal, McGee argues that the government failed to prove that he knew of his obligation to register as a sex offender upon his relocation to Florida. To contest knowledge, he argues that: (1) registration was not part of his sentence for his underlying Iowa sex offense; (2) Iowa officials ignored his objection to the duration of his registration obligation; (3) Illinois's registry confirmed his belief about the limited duration of his obligation; and (4) he made no effort to conceal his identity or evade criminal prosecution in Florida.

In a prosecution for a SORNA violation, the government must prove that the defendant (1) was required to register under SORNA; (2) traveled in interstate commerce; and (3) knowingly failed to register in his new state. *United States v. Beasley*, 636 F.3d 1327, 1329 (11th Cir. 2011). The government need not prove that a defendant knew that he was violating SORNA, but it must prove that he knowingly "violated a legal registration requirement upon relocating." *United States v. Griffey*, 589 F.3d 1363, 1367 (11th Cir. 2009).

Knowingly means "that an act was done voluntarily and intentionally and not because of a mistake or by accident." *United States v. Mosquera*, 886 F.3d 1032, 1051 (11th Cir. 2018). "We have recognized that guilty knowledge can rarely be established directly, and have therefore held that a jury may infer knowledge and

criminal intent from circumstantial evidence alone." *United States v. Duenas*, 891 F.3d 1330, 1334 (11th Cir. 2018). And in evaluating evidence, jurors may "apply their common knowledge, observations and experiences in the affairs of life." *United States v. Cruz-Valdez*, 773 F.2d 1541, 1546 (11th Cir. 1985) (en banc). Here, the evidence was sufficient to support that McGee violated SORNA because he knowingly failed to register in Florida from May 2022 to November 2022.

First, McGee argues that he lacked notice of his registration requirements because it was not part of his sentence for his Iowa state conviction and Iowa state officials failed to inform him of his registration requirements. McGee, however, provides no authority explaining why Iowa's treatment of registration as an administrative matter, rather than a sentencing matter, would alter a defendant's knowledge of the requirement itself.[1] In any event, Iowa authorities repeatedly instructed McGee on his registration requirements, including that if he left Iowa for a new jurisdiction, he had to comply with the sex offender registration requirements of that new jurisdiction. McGee signed two forms in Iowa acknowledging his registration requirements. Ultimately, he registered in Iowa at the correct time after being released from incarceration, and he also correctly registered in Illinois upon moving there. McGee's first argument is therefore unavailing because his actions showed

---

[1] As referenced in the facts, although Iowa treats registration as an administrative matter, offenders are still required by state law to register.

that he knew of his duty to register, even though it was not a part of his criminal sentence.

Second, McGee argues that he lacked knowledge of his registration requirements because Iowa officials ignored his objections to the duration of his registration obligation in Iowa. But McGee did not follow the proper channels for contesting his registration requirements, and even if he had, he subsequently moved jurisdictions, so he was no longer subject to Iowa's durational requirements. More importantly, the evidence showed that McGee knew that he was no longer subject to Iowa's requirements. After McGee moved from Iowa to Illinois, he correctly registered in Illinois and he also signed numerous documents that informed him that, if he again moved states, he had a duty to inform authorities and register in his new state. It was therefore reasonable for the jury to conclude that, upon moving, McGee knew that he was subject to Illinois's, and subsequently Florida's, registration requirements, rather than Iowa's. *See Cruz-Valdez*, 773 F.2d at 1546. And because the jury could have inferred that McGee knew that he was no longer subject to Iowa's durational requirements, the fact that he unsuccessfully contested those requirements is immaterial to his knowledge under SORNA.

Third, with respect to McGee's relocation from Illinois to Florida, he contends that Illinois's registry confirmed his belief that he had no obligation to register in Florida. Specifically, McGee argues that he believed he did not have to register for life in Florida because his previous home state of Illinois required only ten years

of registration. But this matters not because McGee failed to comply with Illinois's ten-year registration requirement too. McGee's duty to register in Illinois lasted until 2021, ten years after his incarceration, but he stopped registering in 2018. And McGee failed to comply with an additional registration requirement because he did not inform authorities in either Illinois or Florida that he was moving states. When McGee moved to Illinois, he initialed and signed 30 forms acknowledging that, if he if he left Illinois to move to another state, he had to register with that new state. From this, the jury could have reasonably inferred that McGee demonstrated that he understood his registration requirements if he again moved states. McGee was therefore on notice of his duties to register in Florida when he moved there, but he neither registered nor informed authorities in either Illinois or Florida about his move, thereby violating SORNA.

Fourth, McGee argues that he did not knowingly fail to register because he made no effort to conceal his identity or evade prosecution in Florida. He points to evidence that he provided his legal name and documentation of his identity to employers, the Department of Motor Vehicles, and in his application for an apartment. But the jury was entitled to "apply their common knowledge, observations and experiences in the affairs of life" and ultimately conclude that such evidence was outweighed by the evidence that showed that McGee knew of his registration obligations upon relocating and failed to meet them. *See Cruz-Valdez*, 773 F.2d at 1546. Similarly, although McGee argues that the government only presented witnesses who had personal knowledge about

the nuances of registration, the jury was entitled to conclude that someone in McGee's position was in fact knowledgeable about these nuances given the abundance of documentation and information he received. *See Griffey*, 589 F.3d at 1367.

Finally, in his reply brief, McGee argues for the first time that the government relied on an impermissible variance between the indictment and the trial evidence because the indictment charged him with violating SORNA from May 2022 to November 2022, but the government presented evidence at trial of McGee's failure to knowingly register as early as 2018. He contends that this variance is impermissible because it exposes him to the possibility of a second prosecution for the same offense and created undue surprise. However, an issue not raised in an appellant's initial brief, but subsequently raised in his reply brief, is deemed abandoned. *See United States v. Moran*, 778 F.3d 942, 985 (11th Cir. 2015). Because McGee failed to raise the impermissible variance issue in his initial brief, we will not consider that argument on appeal. *See United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) (noting that arguments raised for the first time in a reply brief are not properly before us).

## IV.    CONCLUSION

Sufficient evidence supports the jury's finding that, upon relocating to Florida, McGee knowingly failed to register as a sex offender under SORNA, in violation of 18 U.S.C. § 2250(a). Before moving to Florida, McGee correctly registered on several occasions and signed numerous forms indicating that he knew of his

23-11525                Opinion of the Court                13

registration obligations, including his obligations if he moved states.  For these reasons, we affirm McGee's conviction.

**AFFIRMED.**