BAUER, Circuit Judge.
Isaac Vasquez appeals his conviction for knowingly failing to register as a sex offender after traveling in interstate commerce, in violation of the Sex Offender Registration and Notification Act (SOR-NA), 18 U.S.C. § 2250(a). We affirm.
I. BACKGROUND
In October 1998, Isaac Vasquez pleaded guilty to Predatory Criminal Sexual Assault, Victim Under the Age of 13 in the Circuit Court of Cook County, Illinois and was sentenced to six years’ imprisonment in the Illinois Department of Corrections (IDOC). This conviction required him to register as a sex offender under the Illinois Sex Offender Registration Act.
After initially registering under the Illinois law, he moved within Chicago but failed to report this change of address as required under Illinois law. After being charged, Vasquez pleaded guilty to Failure to Report a Change of Address and was sentenced to one year of imprisonment. Thereafter, Vasquez signed a notification form acknowledging that he had been advised of his duty to register as a sex offender under the Illinois Sex Offender Registration Act, that he understood this duty, and that his failure to register would constitute a criminal offense under Illinois law.
After being released on parole on March 15, 2005, Vasquez disappeared from where he was placed by Illinois authorities and never returned to the parole office or any other Illinois law enforcement agency as required by the conditions of his parole. On or about March 17, 2005, Illinois issued a warrant for his arrest.
*327 On April 11, 2007, Vasquez was present in Illinois. On July 3, 2007, Vasquez was found in Los Angeles County, California, where he was taken into custody by the United States Marshals Service. After his release from IDOC custody on parole and until the time of his arrest in Los Angeles, California on July 3, 2007, Vasquez failed to register as a sex offender in Illinois, California, or any other state.
Thereafter, Vasquez was indicted for knowingly failing to register as a sex offender under SORNA. After the district court denied Vasquez’s motion to dismiss the indictment, the case proceeded to a bench trial on stipulated facts. Vasquez stipulated that his prior sex conviction required him to register under SORNA. After denying Vasquez’s motion for acquittal, the district court convicted and sentenced him to a prison term of twenty-seven months, a supervised release term of three years, and a $100 special assessment. Vasquez timely appealed.
II. DISCUSSION
Congress enacted SORNA in 2006, which imposes a registration requirement on sex offenders, 42 U.S.C. § 16913, and a criminal penalty for failure to comply with the registration requirement, 18 U.S.C. § 2250(a). A “sex offender” is defined as any individual who is convicted of a sex offense under either state or federal law. 42 U.S.C. § 16911(1). Pursuant to SOR-NA, “[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides.” 42 U.S.C. § 16913(a). A sex offender must update his registration within three business days of a “change of name, residence, employment, or student status.” 42 U.S.C. § 16913(c). A sex offender who does not comply with SORNA’s obligations faces criminal punishment: “Whoever ... is required to register under the [Act]”; who “travels in interstate or foreign commerce”; and “knowingly fails to register or update a registration as required by the [Act]; shall be fined under this title or imprisoned not more than 10 years, or both.” 18 U.S.C. § 2250(a).
On appeal, Vasquez does not dispute that more than three days had elapsed from the date he had most recently changed his address, requiring him to re-register. Further, Vasquez is not arguing a lack of notice of the statute; United States v. Dixon made clear that SORNA does not violate due process of law, even when there is no personal notice of the enactment or its requirements. 551 F.3d 578, 584 (7th Cir.2008), rev’d on other grounds sub nom. Carr v. United States, — U.S. -, 130 S.Ct. 2229, 2233, — L.Ed.2d - (2010). Finally, Vasquez cannot contend that he traveled in interstate commerce prior to SORNA’s effective date. See Carr, — U.S. -, 130 S.Ct. 2229, 2232, — L.Ed.2d -. But Vasquez contends that his conviction should be reversed because the government presented no evidence that he “knowingly” violated SORNA when he failed to register. In addition, Vasquez challenges the constitutionality of SORNA and argues that it violates the Commerce Clause because it impermissibly regulates purely local, non-economic activity and because it does not require any nexus between a defendant’s travel in interstate commerce and a defendant’s failure to register. We review both the denial of a judgment of acquittal and the constitutional challenges under the Commerce Clause de novo. United States v. Moses, 513 F.3d 727, 733 (7th Cir.2008); United States v. Klinzing, 315 F.3d 803, 806 (7th Cir.2003).
A. “Knowingly” Failing to Register
Vasquez argues that SORNA requires proof that a defendant had specific *328 knowledge that he was required to register under SORNA. Relying upon Flores-Figueroa v. United States, — U.S. -, -, 129 S.Ct. 1886, 1890, 173 L.Ed.2d 853 (2009), Vasquez maintains that as a matter of ordinary English grammar, the word “knowingly” in a statute applies to every subsequently listed element of the crime. In Flores-Figueroa, the Supreme Court held that, in order to convict a defendant of aggravated identity theft for “knowingly transfer[ring], possess[ing], or us[ing], without lawful authority, a means of identification of another person,” the government must prove that defendant knew that the “means of identification” he or she unlawfully transferred, possessed, or used did, in fact, belong to another person. 129 S.Ct. at 1893 (emphasis added). Accordingly, Vasquez asserts that the government cannot convict him, absent proof that he knew that SORNA required him to register. And Vasquez maintains that the stipulated facts contain no such proof.
This court has not previously addressed whether SORNA requires a defendant to have specific knowledge of his federal obligation to register. However, at least four of our sister circuits have faced this issue, and all have held that knowledge of the federal obligation under SORNA is not required. See United States v. Gould, 568 F.3d 459, 468 (4th Cir.2009); United States v. Whaley, 577 F.3d 254, 262 (5th Cir.2009); United States v. Baccam, 562 F.3d 1197, 1199-1200 (8th Cir.2009); United States v. Griffey, 589 F.3d 1363, 1367 (11th Cir.2009). Specifically, the Eighth Circuit rejected the defendant’s argument that he could not knowingly violate SORNA because he was not told of his specific registration obligations under the law. Baccam, 562 F.3d at 1199-1200. And the Eleventh Circuit affirmed a defendant’s conviction, holding that SORNA did not require that a defendant specifically know that he was violating the statute, only that he “knowingly” violated a legal registration requirement upon relocating. Griffey, 589 F.3d at 1367.
We recently declined to extend the knowledge requirement to the age element in 18 U.S.C. § 2423(a), which prohibits “knowingly transporting] an individual who has not attained the age of 18 years in interstate or foreign commerce, ... with intent that the individual engage in prostitution” United States v. Cox, 577 F.3d 833, 836 (7th Cir.2009). Cox held that despite the grammatical arguments, the most natural reading of § 2423(a) is that the adverb “knowingly” modifies only the verb “transports” and does not extend to the victim’s minor status. Id. Accordingly, while the victim’s age is an element of the offense (i.e., the government must prove the victim is under eighteen), the defendant need not have knowledge of the victim’s age. Cox noted a departure from Flores-Figueroa is appropriate in interpreting § 2423(a) to not require knowledge of the victim’s age. Cox, 577 F.3d at 838 (citing Flores-Figueroa, 129 S.Ct. at 1895-96 (Alito, J., concurring)).
Today we join the Fourth, Fifth, Eighth, and Eleventh Circuits, (and echo our reasoning in Cox), and hold that SORNA merely requires that a defendant have knowledge that he was required by law to register as a sex offender. The government need not prove that, in addition to being required to register under state law, a defendant must also know that registration is mandated by a federal statute. In this Court’s view, Flores-Figueroa did not overrule the long line of cases that have defined the term “knowingly,” when used in a criminal statute, to mean “that the defendant realized what he/she was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.” See Fed.Crim. Jury Inst, of the Seventh Circuit 4.06 (1999). *329 See also Cox, 577 F.3d at 838. To that end, a defendant can be convicted under SORNA if the government can prove that he knew he was required to register as a sex offender. To the extent that SORNA’s registration requirements differ from state law requirements, we need not decide today whether a defendant would be in violation of SORNA if he complied with his state law registration obligations but not his federal registration obligations, when he had not been made aware of additional obligations under the federal statute.
Here, Vasquez stipulated that he was required to register as a sex offender, had previously faced jail time for failing to register, and had even signed a notification form acknowledging that he was required to register under state law. Vasquez would have known that his failure to register as a sex offender was in violation of state law. In short, we find beyond a reasonable doubt that Vasquez knowingly failed to register or update a registration, in violation of 18 U.S.C. § 2250(a).
B. Commerce Clause
Alternatively, Vasquez argues that Congress exceeded its authority under the Commerce Clause in enacting SORNA. First, he contends that 42 U.S.C. § 16913, SORNA’s registration provision which requires every sex offender to register regardless of whether the offender traveled across state lines, is unconstitutional because Congress does not have the power to impose registration requirements on individual citizens convicted of purely intrastate offenses. Second, Vasquez contends that 18 U.S.C. § 2250(a), SORNA’s criminal penalty for failing to register, is unconstitutional because the statute makes it a federal offense for an individual sex offender who travels in interstate commerce to knowingly fail to register, even when the interstate travel has no connection to the failure to register.
Congress’ Commerce Clause power is derived from Article I, § 8 of the United States Constitution, which provides that Congress has the power “[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes.” U.S. Const, art. I, § 8, cl. 3. Congressional power under the Commerce Clause “is complete in itself, may be exercised to its utmost extent, and acknowledges no limitations, other than are prescribed in the constitution.” United States v. Schaffner, 258 F.3d 675, 678 (7th Cir.2001) (citing Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 196, 6 L.Ed. 23 (1824)). We need only ask whether Congress could have had a rational basis to support the exercise of its commerce power and whether the regulatory means chosen were reasonably adapted to the end permitted by the Constitution. Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 258, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964). Nevertheless, a court will not inevitably rubber stamp all congressional statutes as it is still the province of the courts to determine whether Congress has exceeded its enumerated powers. United States v. Black, 125 F.3d 454, 459 (7th Cir.1997) (internal citations omitted).
There are three broad areas of activity that Congress may regulate under its commerce power: (1) “the use of the channels of interstate commerce”; (2) “the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities”; and (3) “those activities having a substantial relation to interstate commerce.” See United States v. Lopez, 514 U.S. 549, 558-59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (internal citations omitted). In addition, Congress also has the ability “[t]o make all *330 Laws which shall be necessary and proper” for the accomplishment of its Commerce Clause power. U.S. Const, art. I, § 8, cl. 18.
While this Court has not previously addressed Vasquez’s arguments, our sister circuits have held the registration provisions and the penalty for failure to register do not exceed Congress’ power under the Commerce Clause. United States v. Guzman, 591 F.3d 83, 90 (2d Cir.2010); Whaley, 577 F.3d at 261; United States v. Howell, 552 F.3d 709, 717 (8th Cir.2009); United States v. Ambert, 561 F.3d 1202, 1210 (11th Cir.2009). Specifically, Ambert concluded that because § 2250 makes it a federal crime to fail to register as required under § 16913, only where the offender “travels in interstate or foreign commerce,” or was convicted of a federal sex offense, the use of the channels and instrumentalities of interstate commerce is necessarily part of the commission of the targeted offense. 561 F.3d at 1211. Ambert reasoned that “channels” are the interstate transportation routes through which persons and goods move and that “instrumentalities” are the people and things themselves moving in commerce. 561 F.3d at 1210-11. Further, in concluding that § 16913 is an appropriate aid to the accomplishment of tracking the interstate movement, Howell stated:
A narrow discussion which only analyzes § 16913 under the three categories of Lopez easts doubt on the constitutionality of § 16913 ... because [o]n its face, § 16913 does not have a jurisdictional “hook” to fit under the first two prongs of Lopez, and there is little evidence in this record to show intrastate sex offender registration substantially affects interstate commerce.... However, an analysis of § 16913 under the broad authority granted to Congress through both the commerce clause and the enabling necessary and proper clause reveals the statute is constitutionality authorized.
552 F.3d at 715.
We find no reason to disagree with our sister circuits.
Here, the statutory aim of SORNA is to prevent a convicted sex offender from circumventing registration by leaving the state in which he is registered. Section 2250 only criminalizes a knowing failure to register when the sex offender is either required to register under federal law or “travels in interstate or foreign commerce.” Thus, a sequential reading of the statute “helps to assure a nexus between a defendant’s interstate travel and his failure to register as a sex offender.” Carr, at 2234.
Interstate travel inherently involves use of channels of interstate commerce and is properly subject to congressional regulation under the Commerce Clause. Moreover, Lopez explicitly acknowledges Congress’ power to regulate persons traveling in interstate commerce. 514 U.S. at 558, 115 S.Ct. 1624. Accordingly, section 2250 is a permissible exercise of congressional power under the Commerce Clause because the use of the channels and instrumentalities of interstate commerce is necessarily a part of the commission of the targeted offense. Vasquez, who had failed to register as a sex offender in Illinois, was undeniably a “person ... in interstate commerce” when he moved from Illinois to California, and traveled to California via the “channels of interstate commerce.”
Section 2250(a)’s failure to require a connection between the jurisdictional element of travel and the criminal act of failing to register is not fatal, as the Supreme Court determined the jurisdictional element of “in or affecting commerce” was satisfied by proof that a possessed firearm previously traveled at some time in interstate *331 commerce. Scarborough v. United States, 431 U.S. 563, 577, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977). In so doing, the Court rejected the defendant’s assertion that the interstate travel of the firearm must be contemporaneous with the defendant’s possession of it. Id. at 568-69, 97 S.Ct. 1963. Similar to Scarborough, “[t]he act of travel” is sufficient to bring a defendant’s subsequent failure to register within Congress’ power to regulate. Carr, at 2239.
We conclude a rational basis existed under the Commerce Clause for Congress to enact § 2250.
And § 16913 is a logical way to help ensure that the government will more effectively be able to track sex offenders when they do cross state lines. To the extent that § 16913 regulates solely intrastate activity, the regulatory means chosen are “reasonably adapted” to the attainment of a legitimate end under the commerce power.
III. CONCLUSION
For the reasons stated above, we Affirm the ruling of the district court.