In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3117

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

WALTER S. SANDERS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 09 CR 20—**Barbara B. Crabb**, *Judge*.

ARGUED FEBRUARY 18, 2010—DECIDED SEPTEMBER 16, 2010

Before EASTERBROOK, *Chief Judge*, and KANNE and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. In 2008, Walter S. Sanders, having previously been convicted of a sex offense in Wisconsin, relocated to Mississippi without notifying the sex offender registry in Wisconsin or registering as a sex offender in Mississippi. Following his arrest in 2009, he was charged with violating the Sex Offender Registration and Notification Act ("SORNA") by traveling

in interstate commerce without updating his sex of-fender registration. *See* 18 U.S.C. § 2250(a); 42 U.S.C. § 16913. He pleaded guilty to that charge while re-serving his right to challenge the district court's denial of his motion to dismiss the indictment. On appeal, Sanders has renewed his contention that SORNA's reg-istration requirement, § 16913, exceeds congressional au-thority under the Commerce Clause of the Constitution, U.S. CONST. art. I, § 8, cl. 3. On the basis of our recent decision in *United States v. Vasquez*, 611 F.3d 325 (7th Cir. 2010), we affirm Sanders' conviction.

In October 2000, Sanders was convicted of second-degree sexual assault involving the use of force in Dane County, Wisconsin. Given the nature of the offense, he incurred a lifelong duty to register as a sex offender in Wisconsin regardless of whether he remained in the State. *See* Wis. Stat. 301.45. He was given a sex offender registration form advising him of this obligation; his signature on the form constituted an acknowledgment that he had read it. Sanders was initially sentenced to three years of probation conditioned on serving one year in jail, but in 2002 his probation was revoked and he was sentenced to a prison term of 66 months. He was released from prison in June 2004 and registered as a sex offender as required by Wisconsin statute.

Sanders subsequently relocated to Mississippi to be near his mother. At that time, he notified the Wisconsin authorities of his intent to leave the state, and upon arrival in Mississippi he registered as a sex offender there as well. In July 2006, he was stabbed repeatedly

during an altercation. As a result of an injury to his colon, he underwent a temporary colostomy. Doctors subsequently advised Sanders that his colon could be repaired and the colostomy reversed, but Sanders did not have the resources to pay for the procedure at that time.

Sanders returned to Wisconsin in February 2007 after his father, who lived in Wisconsin, offered to help pay for his surgery. Sanders notified Wisconsin's sex offender registry of his return. Sanders consulted on multiple occasions with physicians at the University of Wisconsin Hospital in Madison regarding persistent problems resulting from his colostomy; they agreed that his colostomy should be reversed. As it turned out, however, the financial assistance that his father had promised him did not materialize. On the advice of his doctors in Madison, Sanders opted to return to Mississippi, where he was eligible for medical care subsidized by a state fund for the victims of crime.

Sanders returned to Mississippi early in January 2008, without the permission of the probation officer who was supervising Sanders in a matter unrelated to his 2000 sexual assault conviction. Sanders underwent surgery in Mississippi on March 3, 2008 and was discharged from the hospital several weeks later. The following August, he signed a lease on an apartment in Greenville, Mississippi. But Sanders did not update his sex offender registration in Wisconsin, nor did he re-register as a sex offender in Mississippi.

An arrest warrant was eventually issued for Sanders in Wisconsin when he never responded to a registered

letter that was sent in October 2007 to his last known Wisconsin address for purposes of updating his sex offender registration. He was tracked down in Greenville in January 2009 and arrested.

SORNA, enacted as part of the Adam Walsh Child Protection and Safety Act of 2006, P.L. No. 109-248, 120 Stat. 587 (Jul. 27, 2006), imposes a federal obligation on anyone convicted of a sex offense (a crime that has an element involving a sexual act or sexual contact with another) to register in each jurisdiction in which he resides, works, or attends school by providing his name, social security number, home and work addresses, and vehicle description(s), and to keep his registration current. 42 U.S.C. § 16913; *see also* §§ 16911(1) (defining "sex offender"); 16911(5)(A)(i) (defining "sex offense"); § 16914 (listing information sex offender must provide). As relevant here, SORNA also makes it a federal offense for an offender to ignore his duty to register or to update his registration when he travels in interstate commerce:

> Whoever—
>
>> (1) is required to register under the Sex Offender Registration and Notification Act;
>>
>> (2) . . . (B) travels in interstate or foreign commerce, . . . ; and
>>
>> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years or both.

18 U.S.C. § 2250(a). One convicted of federal sex offenses is liable for his knowing failure to register or update his registration regardless of whether he travels in interstate or foreign commerce. *See* § 2250(a)(2)(A).

In the wake of Sanders' arrest, a federal grand jury indicted him for violating SORNA by knowingly failing to update his registration when he traveled in interstate commerce from Wisconsin to Mississippi. Sanders moved to dismiss the indictment arguing, among other things, that Congress exceeded its authority under the Commerce Clause by imposing a nationwide registration requirement on all those convicted of sex offenses, including those convicted of state rather than federal offenses. A magistrate judge recommended that the motion be denied, and the district judge accepted that recommendation. Sanders entered a conditional plea of guilty, reserving his right to contend on appeal that the indictment should have been dismissed. The district court ordered Sanders to serve a prison term of 14 months (a sentence below the advisory Guidelines range of 21 to 27 months), to be followed by a two-year term of supervised release.

On appeal, Sanders renews his Commerce Clause challenge to SORNA. Sanders' argument is focused on the obligation to register imposed by section 16913. The failure to register is a prerequisite to a conviction under section 2250, and yet, in Sanders' view, the registration requirement imposed by SORNA was beyond the power of Congress to enact, as it applies even to those individuals convicted of local offenses having no connection to interstate or foreign commerce.

In *United States v. Vasquez*, 611 F.3d at 329-31, we joined other circuits in rejecting this very argument. See *id.* at 330 (citing *United States v. Guzman*, 591 F.3d 83 (2d Cir.), *cert. denied*, 130 S. Ct. 3487 (2010); *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009); *United States v. Howell*, 552 F.3d 709 (8th Cir.), *cert. denied*, 129 S. Ct. 2812 (2009); *United States v. Ambert*, 561 F.3d 1202 (11th Cir. 2009)). Vasquez, like Sanders, contended that because "Congress does not have the power to impose registration requirements on individual citizens convicted of purely intrastate offenses," the sweeping registration requirement imposed by section 16913 exceeds Congress' authority under the Commerce Clause. *Id.* at 329. However, we emphasized that it is section 2250 which attaches criminal penalties to the failure to comply with section 16913, and only where an individual either has been convicted of a federal sex offense or has traveled in interstate commerce does he become liable for the failure to register. *Id.* at 330; *see also Whaley*, 577 F.3d at 260 ("neither § 16913 nor any other provision of SORNA creates any federal penalty for failing to register while remaining within a state: a sex offender who does not travel in interstate commerce may ignore SORNA's registration requirements without fear of federal criminal consequences"); *Ambert*, 561 F.3d at 1212 ("Notably, § 16913 does not contain a federal enforcement provision against individuals who fail to register locally."); *Howell*, 552 F.3d at 716 ("A wholly intrastate offender would never be reached by federal enforcement power."). Those persons who have been convicted of state sex offenses do not become liable for the failure to register

unless they cross state lines, thereby becoming "instrumentalities" of interstate commerce making use of the interstate transportation routes which are the "channels" of such commerce. *Vasquez*, 611 F.3d at 330 (citing *Ambert*, 561 F.3d at 1210-11); *see also United States v. Dixon*, 551 F.3d 578, 583 (7th Cir. 2008) (summarily rejecting defendant's assertion "that the movement of a person as distinct from a thing across state lines is not 'commerce' within the meaning of the Constitution's commerce clause"), *rev'd on other grounds by Carr v. United States*, 130 S. Ct. 2229 (2010); *United States v. Shenandoah*, 595 F.3d 151, 161 & n.5 (3d Cir.), *cert. denied*, 130 S. Ct. 3433 (2010) (sustaining § 2250 against Commerce Clause challenge & coll. cases). SORNA thus defines the crime of failing to register in such a way that "the use of the channels and instrumentalities of interstate commerce is necessarily part of the commission of the targeted offense." *Vasquez*, 611 F.3d at 330 (citing *Ambert*, 561 F.3d at 1211). At the same time, the sequential reading of section 2250's three elements that the Supreme Court adopted in *Carr*, 130 S. Ct. at 2235—conviction of a sex offense, followed by interstate travel, followed by the failure to register as required by SORNA, "'helps to assure a nexus between a defendant's interstate travel and his failure to register as a sex offender.'" *Vasquez*, 611 F.3d at 330 (quoting *Carr*, 130 S. Ct. at 2235).

*Carr* recognizes that section 2250 cannot be isolated from the other provisions of SORNA; "it is embedded in a broader statutory scheme enacted to address the deficiencies in prior law that had enabled sex offenders to slip through the cracks." 130 S. Ct. at 2240. Conversely,

section 16913 cannot be divorced from section 2250 in evaluating whether the Commerce Clause gives Congress the authority to require anyone convicted of a sex offense to register. Imposing a duty to register as a matter of federal law would do little to solve the problem of sex offenders slipping through the cracks absent the enforcement mechanism supplied by section 2250. Interstate travel by a sex offender is not merely a jurisdictional hook but a critical part of the problem that Congress was attempting to solve, for whenever sex offenders cross state lines they tend to evade the ability of any individual state to track them and thereby "threaten the efficacy of the statutory scheme . . . ." *Id.* at 2239; *see also id.* at 2238 (it was reasonable for Congress to give States primary responsibility to supervise and ensure compliance among state sex offenders and subject such offenders to federal criminal liability only when "they use the channels of interstate commerce in evading a State's reach"); *id.* at 2240 (act of travel by sex offender is not merely a jurisdictional predicate but is "the very conduct at which Congress took aim"); *id.* at 2241 (section 2250 "subject[s] to federal prosecution sex offenders who elude SORNA's registration requirements by traveling in interstate commerce").

In short, the obligation to register imposed by section 16913 and the criminal penalties imposed by section 2250 on those who cross state lines without complying with their registration obligations are inextricably intertwined, as this court and others have recognized. *Vasquez*, 611 F.3d at 330; *see also Guzman*, 591 F.3d at 90; *Whaley*, 577 F.3d at 259-60; *Ambert*, 561 F.3d at 1212; *Howell*, 552

F.3d at 716-17. Section 2250, which gives teeth section 16913's registration requirement, ensures that state sex offenders are penalized for the failure to register only when they move in interstate commerce. To the extent that section 16913 requires a state sex offender to register irrespective of whether he engages in interstate travel, it may be seen under the Necessary and Proper Clause, U.S. CONST. art. I, § 8, cl. 18, as "an appropriate aid" (*Vasquez*, 611 F.3d at 330) to the tracking of those offenders who do cross state lines and thereby bring themselves within the reach of Congress' authority under the Commerce Clause. *See Vasquez*, 611 F.3d at 330-31 (quoting *Howell*, 552 F.3d at 715); *see also Guzman*, 591 F.3d at 91; *Ambert*, 561 F.3d at 1211-12; *Whaley*, 557 F.3d at 260-61.

For all of these reasons, we AFFIRM Sanders' conviction.