In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1329

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT L. KENDRICK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 2:10-cr-00079-RTR-1—**Rudolph T. Randa,** *Judge.*

ARGUED JUNE 2, 2011—DECIDED JULY 28, 2011

Before BAUER, POSNER and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* Robert L. Kendrick pleaded guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a) but reserved his right to appeal the constitutionality of the Sex Offender Registration and Notification Act (SORNA) under the Commerce Clause. We affirm.

## I.  BACKGROUND

In 1989, Kendrick pleaded guilty in Illinois state court to eight counts of aggravated criminal sexual assault of a seven-year-old girl. The judge sentenced him to six and a half years in prison and ordered him to register as a sex offender.

In 2001, Kendrick was convicted of failing to register as a sex offender and was sentenced to thirteen months of probation, which he completed satisfactorily. He thereafter complied with registration requirements until July 23, 2007, the date of his last registration filing with the State of Illinois. In that filing, he initialed various statements, including, "If you move to another state, you must register with that state within five days. You must notify the agency with whom you last registered in person of your new address, at least 5 days before moving." This filing also reminded him of his yearly obligation to update his registration in July and his on-going obligation to report any changes in employment status.

In June 2008, Kendrick moved to Milwaukee, Wisconsin and was hired by Triad Group—a company located in Hartland, Wisconsin—but he did not report his change of address or employment status to the State of Illinois or Wisconsin. Kendrick then failed to update his registration in July 2008. His whereabouts remained unknown until August 2009, when he was arrested by the Milwaukee Police Department for soliciting a prostitute.

In April 2010, Kendrick was indicted for failing to register as a sex offender. He moved to dismiss the indictment "for lack of jurisdiction under the Commerce Clause," but the district court denied his motion. Kendrick then entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to dismiss. The district court judge sentenced him to one year and one day of imprisonment and three years of supervised release.

## II. DISCUSSION

SORNA requires sex offenders to register in the jurisdictions in which they live, work, or go to school. 42 U.S.C. § 16913; 18 U.S.C. § 2250. It also requires sex offenders to update their registration within three business days of a "change of name, residence, employment, or student status." 42 U.S.C. § 16913(c). A failure to do so may result in criminal punishment. 18 U.S.C. § 2250(a).

Kendrick concedes that (1) he moved from Illinois to Wisconsin in June 2008 without updating his registration to reflect his change of address; (2) he obtained employment at Triad Group without updating his registration to reflect his change in employment; and (3) he did not update his registration in July 2008 or any time thereafter. He argues only that SORNA's registration requirements exceed Congress' authority under the Commerce Clause.

We explicitly rejected Kendrick's argument in *United States v. Vasquez*, stating, "[w]e conclude a rational basis

existed under the Commerce Clause for Congress to enact § 2250." 611 F.3d 325, 329-331 (7th Cir. 2010). We affirmed this holding in *United States v. Sanders*. 622 F.3d 779, 782-83 (7th Cir. 2010). Instead of distinguishing his case from *Vasquez* and *Sanders*, Kendrick simply asks us to overrule them. We decline to do so.

We require a "compelling reason" to overrule circuit precedent. *Santos v. United States*, 461 F.3d 886, 891 (7th Cir. 2006) (quoting *McClain v. Retail Food Emp'rs Joint Pension Plan*, 413 F.3d 582, 586 (7th Cir. 2005)). Kendrick has presented none. At best, he has articulated a solid defense of the arguments that we rejected in *Vasquez*, *Sanders*, or both. This does not amount to a compelling reason to revisit two cases that we decided only one year ago. *See Guerrero v. Holder*, 407 Fed. Appx. 964, 966 (7th Cir. 2011) (stating that "[s]imply rehashing . . . previously considered arguments . . . does not provide a compelling reason to [overrule circuit precedent]"). We therefore affirm the district court's denial of Kendrick's motion to dismiss the indictment.

## III. CONCLUSION

In light of our recent decisions in *Vasquez* and *Sanders*, we hold that SORNA's registration requirements do not exceed Congress' authority under the Commerce Clause and AFFIRM the judgment of conviction.

7-28-11