NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted June 5, 2014
Decided June 5, 2014

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-1367

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

CRAIG C. HOWELL,
    *Defendant-Appellant*.

Appeal from the United
States District Court for the
Central District of Illinois.

No. 13-30052
Richard Mills, *Judge*.

**Order**

Craig Howell has been convicted of failing to register as a sex offender after moving from one state to another. His appeal presents two arguments.

First, he contends that 18 U.S.C. §2250 (SORNA), which establishes the registration requirement, exceeds the national government's power under the Commerce Clause. This court has held otherwise. *United States v. Vasquez*, 611 F.3d 325, 330–31 (7th Cir. 2010); *United States v. Sanders*, 622 F.3d 779 (7th Cir. 2010); *United States v. Kendrick*, 647 F.3d 732, 734 (7th Cir. 2011). Howell contends

that *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012), calls these decisions into question. Not so. *National Federation* concluded that the Commerce Clause does not afford much scope for the regulation of inactivity. *Id.* at 2587. Howell, by contrast, moved from one state to another without fulfilling the conditions the statute set for that activity; regulation of the circumstances under which interstate travel occurs lies at the core of the national power under the Commerce Clause. See, e.g., *United States v. E.C. Knight Co.*, 156 U.S. 1 (1895). Two other circuits have sustained the validity of §2250 in the wake of *National Federation*. See *United States v. Robbins*, 729 F.3d 131 (2d Cir. 2013); *United States v. Cabrera-Gutierrez*, 2014 U.S. App. LEXIS 5203 (9th Cir. Mar. 17, 2014). No court of appeals has held otherwise.

Second, Howell maintains that 42 U.S.C. §16913(d), which permits the Attorney General to decide the extent to which SORNA applies to persons whose predicate convictions predate its enactment, delegates impermissible power to the Executive Branch. That argument, too, has been considered and rejected by this court. *United States v. Goodwin*, 717 F.3d 511 (7th Cir. 2013). No other circuit has disagreed; we do not see any reason to revisit the subject.

AFFIRMED